```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

STEFFANIE A. aka Athena,

        Plaintiff,
v.                                    Case No. 8:19-cv-3097-T-33TGW

GOLD CLUB TAMPA, INC.,
MICHAEL TOMKOVICH,
DOE MANAGERS 1-3, and
DOES 4-100,

        Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to Defendants' Motion to Compel Arbitration and Motion to Dismiss or, in the Alternative, to Stay Proceedings (Doc. # 11), filed on January 20, 2020. Plaintiff Steffanie A. filed a response on February 3, 2020. (Doc. # 17). For the reasons given below, the Motion is granted as set forth herein.

## I. Background

On December 17, 2019, Plaintiff filed this action against her former employer, alleging violations of the Fair Labor Standards Act (FLSA). (Doc. # 1). Defendants Gold Club Tampa, Inc., Michael Tomkovich, Doe Managers 1-3, and Does 4-100 have now filed a motion to compel Plaintiff to arbitrate her FLSA claims pursuant to an arbitration agreement. (Doc.

# 11). Defendants attached to their Motion a "Temporary Space Use Agreement and Application for Lease Space" between the parties dated August 15, 2014 (the "Agreement"). (Doc. # 13-1 at 1). The Agreement contains an arbitration provision that provides as follows (the "Arbitration Provision"):

> ARBITRATION:
>
> <u>The parties agree that this Agreement is subject to binding arbitration</u> pursuant to the Federal Arbitration Act (the "FAA"), and any disputes under this Agreement, as well as any disputes that may have arisen at any time during the relationship between the parties, will be governed and settled by an impartial independent arbitrator appointed by the American Arbitration Association, <u>FLORIDA</u> branch, and the determination of the arbitrator shall be final and binding (except to the extent there exist grounds for vacation of an award under applicable arbitration statutes). The parties agree that the AAA Option Rules for Emergency Measures of Protection shall apply to any proceedings commenced under this Section 16. The arbitrator will have no authority to make any ruling, finding, or award that does not conform to the terms and conditions of this Agreement. Each party shall bear its own costs in any arbitration. The arbitration provision contained herein shall be self executing and shall remain in full force after expiration or termination of this Agreement. In the event any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against such party by default or otherwise, notwithstanding such failure to appear. The place of arbitration will be HILLSBOROUGH COUNTY, FLORIDA. The arbitrator shall give effect insofar as possible to the desire of the parties hereto that the dispute or controversy be resolved in accordance with good commercial practice and the provisions of this Agreement. **To the fullest extent permitted by law, the arbitrator shall apply the**

> **commercial arbitration rules of the American Arbitration Association and Title 9 of the U.S. Code, except to the extent that such rules conflict with the provisions of this Section 16 in which event the provisions of this Section 16 shall control.**
>
> <u>THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH CONTROVERSIES, DISPUTES, OR CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY.</u> ALL PARTIES SHALL HAVE THE RIGHT TO BE REPRESENTED BY LEGAL COUNSEL AT THE ARBITRATION. THE ARBITRATOR SHALL PERMIT REASONABLE DISCOVERY. THE PARTIES SHALL HAVE THE RIGHT TO SUBPOENA WITNESSES IN ORDER TO COMPEL THEIR ATTENDANCE AT HEARING AND TO CROSS-EXAMINE WITNESSES, AND THE ARBITRATOR'S DECISION SHALL BE IN WRITING AND SHALL CONTAIN FINDINGS OF FACT AND CONCLUSIONS OF LAW. <u>THE ARBITRATOR'S DECISION SHALL BE FINAL, SUBJECT ONLY TO REVIEW PURSUANT TO THE FAA.</u> FOR ANY CLAIMS OF THE PERFORMER BASED UPON ANY FEDERAL, STATE, OR LOCAL STATUTORY PROTECTIONS, THE CLUB SHALL PAY ALL FEES CHARGED BY THE ARBITRATOR. **THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY AND ALL DISPUTES OVER THE VALIDITY OF ANY PART OF THIS LICENSE**, AND ANY AWARD BY THE ARBITRATOR MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDCTION.
>
> <u>PERFORMER UNDERSTANDS AND ACKNOWLEDGES THAT BY SIGNING THIS AGREEMENT HE/SHE SPECIFICALLY WAIVES ANY RIGHT TO PARTICIPATE IN ANY CLASS ACTION OR COLLECTIVE ACTION AND IF AT ANY TIME PERFORMER IS NAMED A MEMBER OF ANY CLASS CREATED BY THE COURT IN ANY PROCEEDINGS, HE/SHE WILL "OPT OUT" OF SUCH CLASS AT THE FIRST OPPORTUNITY, AND SHOULD ANY THIRD PARTY PURSUE ANY CLAIMS ON HIS/HER BEHALF PERFORMER SHALL WAIVE HIS/HER RIGHTS TO ANY SUCH MONETARY RECOVERY.</u>

(Doc. # 13-1 at 6-7) (underlining emphases in original; bold-faced emphases added).

## II. Legal Standard

In enacting the Federal Arbitration Act (FAA), Congress set arbitration agreements on equal footing with all other contracts. 9 U.S.C. § 2. Under the FAA, pre-dispute agreements to arbitrate "evidencing a transaction involving commerce" are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Id. The FAA reflects a "liberal federal policy favoring arbitration[,]" AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011), but courts can only require parties to arbitrate if the parties have agreed to do so. Hanover Ins. Co. v. Atlantis Drywall & Framing LLC, 611 F. App'x 585, 588 (11th Cir. 2015). "There are three factors courts consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived." Senti v. Sanger Works Factory, Inc., No. 6:06-cv-1903-Orl-22DAB, 2007 WL 1174076, at *2 (M.D. Fla. Apr. 18, 2007).

Generally, "certain gateway matters, such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy[,]" are questions a district court must

4

resolve before a court can compel arbitration. Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 452 (2003). When parties clearly and unmistakably defer the issue of arbitrability to the arbitrator, however, the court should compel arbitration without assessing the arbitration agreement's validity or scope. Terminix Int'l Co. v. Palmer Ranch Ltd. P'ship, 432 F.3d 1327, 1332-33 (11th Cir. 2005).

In Terminix, the parties' arbitration agreement provided that "arbitration shall be conducted in accordance with the Commercial Arbitration Rules then in force of the American Arbitration Association," or the AAA. Id. at 1332. The Eleventh Circuit pointed out that, under Rule 8(a) of those rules, arbitrators have the power to rule on their own jurisdiction, including any objections to the existence, scope, or validity of the arbitration agreement. Id. Thus, the Eleventh Circuit concluded that "[b]y incorporating the AAA Rules, including Rule 8, into their agreement, the parties clearly and unmistakably agreed that the arbitrator should decide whether the arbitration clause is valid." Id.

**III. Analysis**

In their Motion, Defendants cite four cases that they claim "compel[led] Plaintiff(s) in similar cases to be referred to arbitration, when a similar arbitration clause

has been signed and executed by the Plaintiff(s)." (Doc. # 11 at 3-4).

In her response in opposition to the Motion, Plaintiff argues that her FLSA claims are beyond the scope of the Agreement, that the Arbitration Provision fails to provide her the "fair notice" required of arbitration agreements purporting to cover statutory claims, and is both procedurally and substantively unconscionable. (Doc. # 17 at 5-17).

A close reading of the cases cited by Defendants demonstrates that, in all of those cases, the district court determined that the matter should be referred to arbitration so that the arbitrator could decide gateway issues of arbitrability in the first instance.

The Court finds the orders issued in Alvarado v. Robo Enterprises, Inc., No. 6:15-cv-1420-Orl-40KRS, 2016 WL 11566331 (M.D. Fla. June 2, 2016), and Moore-Woodland v. Blue Diamond Dolls, Inc., No. 8:16-cv-421-T-24UAM, 2016 WL 11491578 (M.D. Fla. May 9, 2016), to be particularly persuasive. In those cases, which like this case involved FLSA claims brought by exotic dancers against their employer, this Court was faced with arbitration provisions substantially identical to the one at issue here. See

6

Alvarado, 2016 WL 11566331, at *2-3; Moore-Woodland, 2016 WL 11491578, at *1-2. In both cases, the Court focused on the following language in the arbitration agreements:

> To the fullest extent permitted by law, the arbitrator shall apply the commercial arbitration rules of the American Arbitration Association and Title 9 of the U.S. Code, except to the extent that such rules conflict with the provisions of this Section 16 in which event the provisions of this Section 16 shall control.

And in both cases, the Court determined that, under Terminix, the parties were required to proceed to arbitration to resolve issues regarding the scope, validity, and enforceability of the arbitration agreement. Alvarado, 2016 WL 11566331, at *3; Moore-Woodland, 2016 WL 11491578, at *4.

This Court follows the sound reasoning of Alvarado and Moore-Woodland and finds that the language in the arbitration agreement incorporating the commercial arbitration rules of the AAA clearly and unmistakably evidences the parties' intent that the arbitrator rule on gateway issues of arbitrability. See Terminix, 432 F.3d at 1332. What's more, the arbitration agreement here also states that, "[t]he arbitrator shall have exclusive authority to resolve any and all disputes over the validity of any part of [the Agreement]," which also evidences the parties' intent to have the arbitrator resolve issues regarding the scope and

7

validity of the Agreement here. See Moore-Woodland, 2016 WL 11491578, at *4 (finding identical language showed that Terminix compelled arbitration of plaintiff's claims to the extent plaintiff contested the validity or enforceability of the arbitration provision or the enforceability of the agreement as a whole); see also JPay, Inc. v. Kobel, 904 F.3d 923, 939 (11th Cir. 2018) (concluding that contractual agreement to arbitrate "any and all" disputes sufficed to delegate questions of arbitrability to the arbitrator).

Thus, the Court finds that Plaintiff's claims must be referred to arbitration under Terminix. See Terminix, 432 F.3d at 1332; Alvarado, 2016 WL 11566331, at *3; Moore-Woodland, 2016 WL 11491578, at *4

**IV. Stay or Dismiss**

Circuit precedent is clear that actions should generally be stayed, not dismissed, pending resolution through arbitration. See Bender v. A.G. Edwards & Sons, Inc., 971 F.2d 698, 699 (11th Cir. 1992). Here, where the arbitrator will be deciding in the first instance arguments bearing on the scope, validity, and enforceability of the arbitration agreement, the Court determines that a stay of these proceedings as to Plaintiff is appropriate. See Moore-Woodland, 2016 WL 11491578, at *5 ("If the arbitrator agrees

8

with Plaintiff that the Arbitration Provision or the Performance Agreement is invalid or unenforceable, and Plaintiff will not have to arbitrate her claims; instead, her claims will be suitable for litigation. . . . [B]ecause of the possibility that the arbitrator could decide the Parties did not agree to arbitration, dismissal is premature.").

Plaintiff has filed one notice of an individual's – Kristen Schofield's – opt-in consent to join this litigation. (Doc. # 12). Defendants have not filed any documents with the Court reflecting whether Schofield signed a similar Agreement or other arbitration agreement. The Court will allow Defendants the opportunity to do so before the case proceeds.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants' Motion to Compel Arbitration and Motion to Dismiss or, in the Alternative, to Stay Proceedings (Doc. # 11) is **GRANTED IN PART** as follows.

(2) Plaintiff Steffanie A. is directed to submit all of her claims to arbitration. The case is **STAYED** as to that Plaintiff.

(3) Defendants are directed to file, within seven days of the date of this Order, (1) a motion to compel arbitration as to Opt-In Plaintiff Kristen Schofield, if

    she signed a "Temporary Space Use Agreement and Application for Lease Space"; or (2) a notification that Opt-In Plaintiff Schofield did not enter into such an Agreement or another arbitration agreement.

(4) The parties are directed to file a joint status report on the status of the arbitration by **April 6, 2020,** and every 60 days thereafter until the arbitration has been concluded.

    **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of February, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE