UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEFFANIE A. aka Athena,

        Plaintiff,

v.    Case No. 8:19-cv-3097-T-33TGW

GOLD CLUB TAMPA, INC.,
MICHAEL TOMKOVICH,
DOE MANAGERS 1-3, and
DOES 4-100,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Kristen Schofield's Motion to Vacate Order Compelling her Claims to Arbitration and Lift Stay (Doc. # 26), filed on June 9, 2020. Defendants Gold Club Tampa, Inc., Michael Tomkovich, Doe Managers 1-3, and Does 4-100 responded on June 23, 2020. (Doc. # 27). Schofield replied on July 6, 2020. (Doc. # 30). For the reasons given below, the Motion is granted.

**I.  Background**

On December 17, 2019, Plaintiff Steffanie A. filed this action against her former employer, alleging violations of the Fair Labor Standards Act (FLSA). (Doc. # 1). On January 20, 2020, Plaintiff Kristen Schofield filed her notice of consent to join this litigation. (Doc. # 12).

On February 6, 2020, this Court granted the motion to compel arbitration filed by Defendants and ordered Steffanie A. to submit her claims to arbitration in accordance with the parties' arbitration agreement. (Doc. ## 11, 19). The Court also stayed the instant proceedings with respect to Steffanie A. (Doc. # 19 at 9). The Court directed Defendants to file a motion to compel arbitration as to Schofield if she signed a similar arbitration agreement with Defendants. (Id. at 9-10). Defendants did thereafter file a motion to compel arbitration as to Schofield, attaching a "Performer License and Temporary Space Lease Agreement" between the parties dated January 20, 2018 (the "Agreement"). (Doc. ## 20, 20-1). The Agreement contains an arbitration provision that provides in pertinent part as follows (the "Arbitration Provision"):

> <u>The parties agree that, subject to the exhaustion of the Grievance Process set forth above[,] this Agreement is subject to binding arbitration</u> pursuant to the Federal Arbitration Act (the "FAA"), and any disputes under this Agreement, as well as any and all issues arising out of any State or Federal Wage and Hour or Fair Labor Standards Act issues, or any other regulatory, administrative or other issue, including any disputes that may have arisen <u>at any time during the relationship between the parties</u>, **will be governed and settled by an impartial independent arbitrator appointed by the American Arbitration Association**, <u>FLORIDA</u> branch, and the determination of the arbitrator shall be final and binding (except to the extent there exist grounds for vacation of an award under applicable arbitration statutes). **THE PARTIES MAY**

2

> **AGREE TO UTILIZE ANOTHER QUALIFIED ARBITRATION SERVICE. . . .**
>
> <u>**EACH PARTY SHALL BEAR ITS OWN FEES AND COSTS IN ARBITRATION,** absent any legal or administrative rule to the contrary</u>. . . . The arbitrator shall give effect insofar as possible to the desire of the parties hereto that the dispute or controversy be resolved in accordance with good commercial practice and the provisions of this Agreement. To the fullest extent permitted by law, the arbitrator shall apply the commercial arbitration rules of the American Arbitration Association and Title 9 of the U.S. Code, except to the extent that such rules conflict with the provisions of this Section in which event the provisions of this Section shall control, so long as allowed by law.
>
> <u>THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH CONTROVERSIES, DISPUTES, OR CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY.</u> . . . THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY AND ALL DISPUTES OVER THE VALIDITY OF ANY PART OF THIS AGREEMENT, AND ANY AWARD BY THE ARBITRATOR MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDICTION.
>
> <u>PERFORMER UNDERSTANDS AND ACKNOWLEDGES THAT BY SIGNING THIS AGREEMENT HE/SHE SPECIFICALLY WAIVES ANY RIGHT TO PARTICIPATE IN ANY CLASS ACTION OR COLLECTIVE ACTION AND IF AT ANY TIME PERFORMER IS NAMED A MEMBER OF ANY CLASS CREATED BY THE COURT IN ANY PROCEEDINGS, HE/SHE WILL "OPT OUT" OF SUCH CLASS AT THE FIRST OPPORTUNITY, AND SHOULD ANY THIRD PARTY PURSUE ANY CLAIMS ON HIS/HER BEHALF PERFORMER SHALL WAIVE HIS/HER RIGHTS TO ANY SUCH MONETARY RECOVERY.</u>

(Doc. # 20-1 at 10-11) (underlining and capitalized emphases in original; bold-faced emphases added).

Schofield did not file a response in opposition to the motion to compel, and so on February 24, 2020, the Court

3

granted the motion as unopposed. (Doc. # 23). Schofield was therefore directed to submit her claims to arbitration as well and the case was stayed as to her. (Id.).

In her Motion and attached exhibits, Schofield has informed the Court of the events in the intervening months. On April 10, 2020, in conformity with this Court's Order and the Arbitration Provision, Schofield submitted her claims to arbitration with the American Arbitration Association (AAA). (Doc. # 26-1 at 1; Doc. # 26-2). On April 22, 2020, the AAA sent the parties a notice acknowledging the opening of the arbitration case, noting Schofield's payment of her filing fee, and requested that Defendants pay their share of the filing fee by May 6, 2020, in the amount of $1,900. (Doc. # 26-3). On May 7, 2020, the AAA sent a second notice to the parties noting Defendants' failure to timely pay the filing fee and again requesting payment by May 21, 2020. (Doc. # 26-4). On June 1, 2020, AAA sent a notice to the parties that Defendants had failed to submit the requested payment and, accordingly, the AAA had closed the file. (Doc. # 26-5). Additionally, because Defendants had failed to comply, the AAA stated that "we will decline to administer any future employment matter involving [Defendants]. We ask that

4

[Defendants] remove our name from its arbitration agreements so there is no confusion to the public." (Id.).

On June 9, 2020, Schofield filed the instant Motion, seeking to vacate the order compelling her claims to arbitration. (Doc. # 26). The Motion has been fully briefed (Doc. ## 27, 30) and is ripe for review.

## II. Legal Standard

Pursuant to the Federal Arbitration Act (FAA), district courts should stay litigation where a valid arbitration clause exists and governs a dispute "until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. One way that an applicant can default under Section 3 is by waiving the right to arbitrate. Freeman v. SmartPay Leasing, LLC, 771 F. App'x 926, 932 (11th Cir. 2019). "A district court therefore may lift a stay if the party who seeks to arbitrate has waived its right to do so." Id.

To determine whether a party has waived its contractual right to arbitrate, courts apply a two-part test. Ivax Corp. v. B. Braun of Am., Inc., 286 F.3d 1309, 1315 (11th Cir. 2002). "First, [they] decide if, under the totality of the circumstances, the party has acted inconsistently with the

5

arbitration right, and, second, [they] look to see whether, by doing so, that party has in some way prejudiced the other party." Id. at 1315-16 (quotation marks omitted). Whether waiver has occurred depends upon the facts of each case. Freeman, 771 F. App'x at 932.

### III. Analysis

In her Motion, Schofield argues that Defendants' refusal to make the necessary payments to AAA and continue with the arbitration constitutes either a waiver of arbitration, a breach of the Arbitration Provision within the Agreement, or both. (Doc. # 26 at 3). In support, she points to a prior decision issued by another court in this district — Freeman v. Smartpay Leasing, LLC, No. 6:17-cv-938-Orl-31GJK, 2018 WL 467390 (M.D. Fla. Jan. 18, 2018) — which was affirmed on appeal by the Eleventh Circuit. See Freeman, 771 F. App'x at 935.

The Court agrees that the Freeman case is on point. In that case, the district court ordered the parties to arbitration in accordance with their arbitration agreement, but the independent arbitral organization (in that case, JAMS), closed the file after the defendant company failed to pay the initial filing fee after multiple requests to do so. Freeman, 771 F. App'x at 927-30.

6

The Eleventh Circuit upheld the district court's decision to vacate its earlier order referring the case to arbitration and lifting the stay. Id. at 930, 935. The Eleventh Circuit noted that JAMS had closed the arbitration file after the defendant failed to comply with multiple payment requests, in direct contradiction of both JAMS rules and the parties' arbitration agreement. Id. at 932-33. The appellate court therefore upheld the district court's finding that the defendant had "acted inconsistently with its contractual right to arbitrate when it refused to pay the initial filing fee, as expressly required by the arbitration agreement. [Defendant] therefore waived its right to arbitration by failing to pay arbitration fees." Id. at 933.

Moreover, the Eleventh Circuit held that the defendant's non-payment had prejudiced the plaintiff because the refusal to pay the JAMS initial filing fee "prematurely terminated the arbitration and effectively precluded [the plaintiff] from seeking relief through the arbitration proceeding. . . . She was delayed and forced to proceed with litigation in the district court." Id. For these reasons, the Eleventh Circuit affirmed the district court's conclusion that the defendant in that case waived its right to compel arbitration by refusing to pay the initial filing fee. Id.

7

The Eleventh Circuit also affirmed the district court's alternative holding, that the defendant breached the parties' arbitration agreement when it refused to pay the JAMS fees. Id. at 933 n.4 ("[The defendant] drafted a lease-purchase agreement requiring arbitration and designating JAMS as an acceptable forum and, therefore, [the defendant] was obligated to pay the initial filing fee. Indeed, in the parties' arbitration agreement, [the defendant] expressly agreed to pat the initial filing fee, which it failed to do."). Under these circumstances, the Eleventh Circuit held that the district court did not err in lifting the stay because the defendant, through its non-payment of the arbitration fees, was in "default" under section 3 of the FAA. Id. at 935.

At least two other circuit courts of appeals agree with the Eleventh Circuit that a failure to pay arbitration fees qualifies as a default under Section 3. See Pre-Paid Legal Services, Inc. v. Cahill, 786 F.3d 1287 (10th Cir. 2015); Sink v. Aden Enters., Inc., 352 F.3d 1197 (9th Cir. 2003). In Cahill, the Tenth Circuit determined that, after one party refused to pay the arbitration fees and the AAA then terminated the proceedings, "the arbitration "ha[d] been had in accordance with the terms of the agreement . . . removing

the Section 3 requirement for the district court to stay the proceedings" and that the non-paying party "breached the arbitration agreement by failing to pay his fees in accordance with AAA rules and was not entitled to maintain the stay under [Section] 3." Cahill, 786 F.3d at 1294. And the Ninth Circuit has agreed that the non-paying party's "failure to pay required costs of arbitration was a material breach of its obligations in connection with the arbitration. Aden had a fair chance to proceed with arbitration, but Aden scuttled that prospect by its non-payment of costs, impeding the arbitration to the point where the arbitrator cancelled the arbitration and declared Aden in default. In these circumstances, we hold . . . the FAA does not compel a district court to return the parties once more to arbitration." Sink, 352 F.3d at 1201.

The Court finds these authorities persuasive and agrees with Schofield that Defendants' repeated refusal to pay the AAA initial filing fee in this case constituted both a waiver of the right to arbitrate and a breach of the parties' agreement to arbitrate.

Here, the Arbitration Provision in the parties' Agreement expressly provided that the arbitration would be sent to the AAA and that each party would bear its own fees

9

and costs in the arbitration. (Doc. # 20-1 at 10). The AAA, in accordance with their own procedures and rules, requested that Defendants pay a $1,900 initial filing fee in order for the case to continue. By their repeated failure to pay the AAA filing fee, Defendants, just like the non-paying party in Freeman, acted inconsistently with their right to arbitrate. Further, the resulting delay has prejudiced Schofield, who originally wanted to pursue her claims in this Court and was forced into arbitration many months ago. See Freeman, 2018 WL 467390, at *2 n.2 ("Here, the Defendant's refusal to pay the filing fee was an action inconsistent with its arbitration right, and the resulting (and ongoing) delay has prejudiced the Plaintiff."). In addition, Defendants' failure to pay the fees also breached the Arbitration Provision within the parties' Agreement, which specifically provided that "each party shall bear its own fees and costs in arbitration[.]" (Doc. # 20-1 at 10) (emphases omitted).

Defendants respond that they were initially unable to pay the arbitration fees due to their business closing during the coronavirus pandemic, but that they can pay the arbitration fees now that they have been allowed to reopen. (Doc. # 27 at 2-3). Defendants aver that on April 13, 2020, defense counsel requested a 90-day abatement from the AAA in

10

three **different** pending arbitrations, "explaining the many financial obstacles facing all gentlemen's clubs at the time," including the Governor's order closing all bars, pubs, and nightclubs, and their ineligibility for small-business loans and/or business disruption insurance coverage. (Id. at 2; Doc. # 27-2; see also Doc. # 27-3 at 1 (defense counsel noting in an email that his clients "have only around $300 in their operating account")). Defendants argue that they have acted consistently with their arbitration right because they have "complied with all of the steps up to this point" and that their inability to pay was not intentional misconduct. (Doc. # 27 at 5). They argue that the arbitration should resume because Schofield and the AAA were put "on notice" of Defendants' financial difficulties and Defendants are now ready to pay and proceed. (Id. at 6).

But Defendants have not pointed this Court to any legal authority supporting the proposition that a district court can force an independent arbitration organization such as the AAA to ignore its own rules and re-open a case that it has previously closed. The case law, in contrast, shows that Courts are generally loathe to do so. See Freeman, 771 F. App'x at 935; Cahill, 786 F.3d at 1299; Sink, 352 F.3d at 1201–02.

11

Defendants also argue that the AAA rules allow the arbitrators discretion to order either party to pay the fees upon the failure to remit payment in full, and complain that "there was no attempt by either AAA or Plaintiff to invite [this] alternative method." (Doc. # 27 at 4-5). It is true that AAA might have handled the case differently – by, for example, asking Plaintiff to bear Defendants' portion of the filing fee – but they did not. See Dealer Comp. Servs., Inc. v. Old Colony Motors, Inc., 588 F.3d 884, 887, 888-89 (5th Cir. 2009) (explaining that payment of fees is within the arbitrators' discretion and that the trial court erred when it ordered one party to pay the AAA deposit).

In sum, the parties' agreed-upon dispute resolution mechanism, arbitration before the AAA, is no longer possible because the AAA has closed the file due to Defendants' non-payment of the initial filing fee. Although the Arbitration Provision does provide that the parties may agree to use another qualified arbitration service other than the AAA, the parties have not done so. Moreover, the Court will not force Schofield to negotiate the use of another arbitration provider when she abided by the terms of the Agreement, which called for a AAA arbitration. See Freeman, 2018 WL 467390, at *1 (rejecting argument that because the parties' arbitration

12

agreement allowed the parties to agree to use either JAMS or AAA, the paying party was at fault for refusing to refile the arbitration before the AAA); see also Garcia v. Mason Contract Prod., LLC, No. 08-23103-CIV, 2010 WL 3259922, at *4 (S.D. Fla. Aug. 18, 2010) ("Plaintiff did not agree or assent to a AAA-like procedure; he agreed to a AAA-enforced procedure."") Here, Defendants' failure to pay the AAA initial filing fee, in contravention of the Arbitration Provision within the parties' Agreement, was a "default" as that term is used in Section 3 of the FAA. Accordingly, this Court will vacate its prior Order compelling Schofield to arbitration (Doc. # 23) and lift the stay of this case as to Schofield.

Before closing, the Court notes that Schofield is currently only an opt-in plaintiff to an action originally brought by Steffanie A. In the Eleventh Circuit, the filing of a written consent to join litigation under the FLSA is sufficient to confer party-plaintiff status without the need for prior conditional certification. Mickles v. Country Club, Inc., 887 F.3d 1270, 1273, 1278 (11th Cir. 2018) (holding that opt-in plaintiffs remain party plaintiffs "until the district court determines they are not similarly situated and dismissed them"). While Schofield is considered a party plaintiff under Mickles, to be on a firm procedural footing,

13

the Court directs Schofield to file an amended complaint adding herself as a named plaintiff. See <u>Mills v. Gen. Dynamics Info. Tech., Inc.</u>, No. 8:18-cv-855-T-36TGW, 2018 WL 6321588, at *1-2 (allowing plaintiffs leave to file amended complaint pre-certification to substitute two opt-in plaintiffs for the named plaintiff and rejecting defendants' argument that courts cannot substitute class representatives prior to conditional certification, instead determining that "whether to do so based on the facts of the case is in the discretion of the trial court"). Additionally, upon review of the docket, the Court will enter a new scheduling order by separate docket entry.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Kristen Schofield's Motion to Vacate Order Compelling her Claims to Arbitration and Lift Stay (Doc. # 26) is **GRANTED.**

(2) The Court's prior Order compelling arbitration as to Schofield (Doc. # 23) is hereby **VACATED** and the stay of this case is **LIFTED** as to Schofield.

(3) Schofield is directed to file, within seven days of the date of this Order, an amended complaint naming herself as a named Plaintiff to this litigation. Schofield is

permitted to amend the complaint solely to add herself as a named Plaintiff. Any additional revisions to the complaint will require leave of Court or the written consent of the opposing party, pursuant to Federal Rule of Civil Procedure 15(a).

(4) Defendants will then have 14 days after Schofield files the amended complaint to file their response thereto.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>22nd</u> day of July, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE