THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEFFANIE A., aka ATHENA, an individual,

          Plaintiff,

vs.

GOLD CLUB TAMPA, INC., a Florida Corporation; MICHAEL TOMKOVICH, an individual; DOE MANAGERS 1-3; and DOES 4-100, inclusive,

          Defendants.

Case No.: 8:19-CV-03097-VMC-TGW

## PLAINTIFF STEFFANIE A.'S RESPONSE TO FEBRUARY 2, 2021 COURT ORDER [DKT. 61] RE: JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiff Steffanie A., aka Athena by and through her undersigned counsel, hereby responds to the Court's February 2, 2021 Order [Dkt. 61] requesting further information regarding Plaintiff Steffanie A.'s claims in support of the Joint Motion for Approval of the FLSA Settlement.

**I. THE COURT REFERENCED THE RESPONSES TO COURT INTERROGATORIES FOR PLAINTIFF KRISTIN SCHOFIELD, NOT PLAINTIFF STEFFANIE A.**

In its February 2, 2021 Order [Dkt. 61], this Court referenced the Responses to Court Interrogatories filed on behalf of plaintiff Kristen Schofield ("Schofield"), not Plaintiff Steffanie A. (Dkt. 39's Verification on p. 6 identifies that the Responses were on behalf of Schofield). The Responses to Court Interrogatories filed by Schofield, should have identified her more often as, and not simply plaintiff to avoid this confusion. Also, the unique byzantine procedural history of this case helps explain what occurred.

On December 17, 2019, Plaintiff Steffanie A.filed the original Complaint. *See* Dkt. 1. About a month later on January 20, 2020, defendants filed their motion to compel arbitration of Plaintiff Steffanie A.'s claims. *See* Dkt. 11. Prior to the ruling on the motion to compel arbitration, Plaintiff Steffanie A.filed the notice of consent to join for Schofield. *See* Dkt. 12.

On February 6, 2020, this Court granted the motion to compel arbitration of Plaintiff Steffanie A.'s claims. *See* Dkt. 19. That same day, defendants filed a motion to compel Schofield's claims. *See* Dkt. 20. On February 24, 2020, that matter was also moved into a separate individual arbitration. *See* Dkt. 23.

## II. SCHOFIELD'S ARBITRATION ORDER WAS VACATED, BUT PLAINTIFF STEFFANIE A'S CLAIMS CONTINUED IN ARBITRATION

Defendants failed to pay the arbitration fees for the Schofield arbitration. As a result, on June 9, 2020, Schofield filed a motion to vacate the order compelling Schofield's arbitration. *See* Dkt. 26. The motion did not pertain to Steffanie A.'s arbitration.

This Court granted Schofield's motion and vacated the order compelling arbitration as to Schofield's claims. *See* Dkt. 31.[1]

The Court issued an amended Scheduling Order on July 27, 2020. *See* Dkt. 33. Schofield filed her Responses to Court Interrogatories, accordingly on September 11, 2020. *See* Dkt. 39.

## III. PLAINTIFF STEFFANIE A'S CLAIMS DURING THE STATUTORY PERIOD WERE MUCH SMALLER THAN SCHOFIELD

As explained in the Joint Motion, Plaintiff Steffanie A.'s claims under the FLSA only went back to December 17, 2016, three years before the filing of her claims, until she left in

---

[1] Schofield filed a pending Motion for Summary Judgment and her case is set for trial call on March 1, 2021.

January 2018. Plaintiff Steffanie A. worked approximately 20 to 25 shifts. Plaintiff Steffanie A. estimated her damages to be in the $8,000 to $10,000 range and was going to request that from the arbitrator. *See* Dkt. 59-1 at ¶ 4.

This was based on the records produced by the Defendants. While, Plaintiff Steffanie A. did not believe they were 100% accurate, they were within the range of her time period and there was not a great discrepancy. The summary of her hours during the relevant statutory period show an estimated 126 hours in the period from December 17, 2016 to January 2018. *See* Declaration of John P. Kristensen filed concurrently herewith ("Kristensen Decl.") ¶ 2, Ex. 1.

IV. **PLAINTIFF STEFFANIE A.'S COUNSEL PRODUCED THEIR HOURS WITH THE MOTION EVIDENCING A LOADSTAR OF $82,749.49**

As explained in the Joint Motion, the Parties arrived at a settlement of $40,000 for Plaintiff Steffanie A.'s attorneys' fees and costs. Plaintiff Steffanie A.'s counsel incurred $4,786.38 in costs ($3,909.31 by Kristensen LLP, $643.57 by Hughes Ellzey, LLP, and $253.50 by Florida Legal, LLC) in the matter and spent significant time on this matter, incurring a lodestar of $82,749.49. (Kristensen LLP's lodestar is $38,010, Hughes Ellzey, LLP's lodestar is $32,131.25, and Florida Legal, LLC's lodestar is $12,608.) *See* Dkt. 59-1 at ¶¶ 7-9, Exs. 2-6.

The Parties had strenuously different opinions about the classification of the dancers as employees or independent contractors. The Parties engaged in discovery, including evidence of the shifts Plaintiff worked. That was the critical factor in the size of the potential damages. Counsel was cognizant and aware of each other's arguments and positions pertaining to employee classification. Had this matter proceeded to an award, the damages award would have been in the range of $10,000. The risk for Defendants was that in a fee-bearing case, with a real

likelihood of liability, the attorneys' fees would dwarf the damages.[2] *See* Dkt. 59-1 at ¶ 10. Plaintiff Steffanie A.'s counsel's lodestar was over $82,000 and spent approximately $5,000 litigating the case. Another two days of arbitration, along with post-award work would have potentially resulted in a fee award $10,000 to $20,000 over the lodestar.

The FLSA structure was intentionally designed by Congress as a remedial measure to incentivize and encourage private attorneys to pursue lower damage wage and hour claims with clear liability. "[T]he FLSA is a uniquely protective statute," *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 207 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016), and its purposes "require that it be applied even to those who would decline its protections," *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 302 (1985). By awarding reasonable fees and costs to prevailing FLSA litigants, "Congress intended to encourage private citizen enforcement of the [FLSA]." *Soler v. G & U, Inc.*, 658 F.Supp. 1093, 1097 (S.D.N.Y. 1987). Indeed, "Plaintiffs' counsel's role as private attorneys general is key to the effective enforcement of these statutes." *Trinidad v. Pret a Manger (USA) Ltd.*, No. 12-cv-6094 (PAE), 2014 WL 4670870, at *12 (S.D.N.Y. Sept. 19, 2014).

///

---

[2] Multiple district courts have found an employment relationship and required clubs to pay dancers a minimum wage. *See Harrell v. Diamond A Entm't, Inc.*, 992 F.Supp. 1343, 1348 (M.D. Fla. 1997); *Clincy v. Galardi South Enter., Inc.*, 808 F.Supp.2d 1326, 1346 (N.D. Ga. 2011) (summary judgment); *Stevenson v. Great American Dream, Inc.*, No. 1:12-CV-3359-TWT, 2013 WL 6880921, (N.D. Ga. Dec. 31, 2013) (same); *Berry v. Great American Dream, Inc.*, No. 1:13-CV-3297-TWT, 2014 WL 5822691 (N.D. Ga. Nov. 10, 2014) (Gentlemen's Club collaterally estopped from re-litigating issue that entertainers are independent contractors rather than employees); *Mason v. Fantasy, LLC*, No. 13-CV-02020-RM-KLM, 2015 WL 4512327, at *13 (D. Colo. July 27, 2015); *Verma v. 3001 Castor, Inc.*, No. 13-3034, 2014 WL 2957453, at *5 (E.D. Pa. June 30, 2014): *Levi v. Gulliver's Tavern, Incorporated*, No. 15-cv-216-WES, 2018 WL 10149710 (D.R.I. Apr. 23, 2018) (granting dancer plaintiff's partial summary judgment that they are employees under the FLSA).

The Agreement compensates Plaintiff Steffanie A. for her estimated damages. The main compromise was on the fees. Counsel did spend considerable time litigating the matter which is evidenced in the lodestar in excess of $82,000. Plaintiff Steffanie A.'s counsel is seeking substantially less than their lodestar in fees. *See* Dkt. 59-1 at ¶¶ 4-6, Exs. 2-5.

This settlement is favorable to Plaintiff Steffanie A., and in light of the work performed in the lawsuit and the late juncture of the settlement in the litigation, the fees are reasonable. *See* Dkt. 59-1 at ¶ 24.

**V.  CONCLUSION**

For the foregoing reasons, the Plaintiff Steffanie A. respectfully requests that the Court approve the Agreement and enter the proposed Order.

Dated:  February 9, 2021

**KRISTENSEN LLP &
FLORIDA LEGAL LLC &
HUGHES ELLZEY, LLP**

*/s/ John P. Kristensen*
John P. Kristensen, Esq.
*Pro Hac Vice* – Cal. Bar No. 224132
Raymond R. Dieppa, Esq.
Florida Bar Number 27690
Jarrett L. Ellzey, Esq.
*Pro Hac Vice* – Tex. Bar. No. 24040864

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

      I certify that on Tuesday, February 09, 2021, a true and correct copy of **PLAINTIFF STEFFANIE A.'S RESPONSE TO FEBRUARY 2, 2021 COURT ORDER [DKT. 61] RE: JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT** and accompanying documents were served via CM/ECF upon the following parties pursuant to Fed. R. Civ. P. 5:

Luke Lirot
Sean X. Colon
**LUKE CHARLES LIROT, P.A.**
2240 Belleair Road, Suite 190
Clearwater, Florida 33764
Email: luke2@lirotlaw.com
Email: sean@lirotlaw.com
Email: krista@lirotlaw.com
Email: office@lirotlaw.com

*Counsel for Defendants*

Jarrett Ellzey
**HUGHES ELLZEY, LLP**
1105 Milford Street
Houston, Texas 77066
Telephone: (713) 554-2377
*jarrett@hughesellzey.com*

*Co-Counsel for Plaintiffs*

Raymond R. Dieppa, Esq.
**FLORIDA LEGAL, LLC**
14 Northeast 1st Avenue,
Suite 1001
Miami, Florida 33132
Telephone (305) 722-6977
*ray.dieppa@floridalegal.law*

*Co-Counsel for Plaintiffs*

*/s/ John P. Kristensen*
John P. Kristensen