UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEFFANIE A.,

    Plaintiff,

v.                                              Case No. 8:19-cv-3097-VMC-TGW

GOLD CLUB TAMPA, INC.,
MICHAEL TOMKOVICH,
DOE MANAGERS 1-3, and
DOES 4-100,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of the Joint Motion for Approval of FLSA Settlement (Doc. # 59), filed by Plaintiff Steffanie A. and Defendants on January 22, 2021. The Court grants the Motion and dismisses Steffanie A.'s claim with prejudice.

## I. **Background**

Plaintiff Steffanie A. filed this Fair Labor Standards Act (FLSA) case against Defendants (collectively, Gold Club) on December 17, 2019, alleging violations of the minimum wage and overtime provisions of the FLSA. (Doc. # 1). On January 20, 2020, Gold Club moved to compel arbitration, claiming that Steffanie A.'s dispute was subject to an arbitration agreement. (Doc. # 11). The Court granted the motion, stayed

the proceedings as to Steffanie A., and directed Steffanie A. to submit her claims to arbitration. (Doc. # 19). The Court directed the parties to file a joint status report on the status of the arbitration every sixty days. (Id.).

On December 28, 2020, the parties filed a status report indicating they conducted an arbitration via the American Arbitration Association (AAA) and came to a resolution. (Doc. # 54). The parties now seek approval of the FLSA settlement. (Doc. # 59).

On February 2, 2021, the Court directed the parties to provide more information as to the attorneys' billing records and Steffanie A.'s estimated unpaid wages. (Doc. # 61). The parties filed a joint response on February 9, 2021. (Doc. # 62). The Motion is now ripe for review.

II. **Analysis**

Steffanie A. alleges that Gold Club violated the unpaid wage provisions of the FLSA. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Although the parties continue to have "strenuously different opinions" about the merits of the case, including the classification of dancers as employees, after a full day of arbitration they were able to arrive at

2

a resolution. (Doc. # 59 at 2, 6). The parties have reached a settlement wherein it is agreed that Steffanie A. will receive $10,000 in damages. (Doc. # 59 at 3).

According to a declaration from Steffanie A.'s counsel, this amount is consistent with her estimated unpaid wages. Specifically, the declaration notes:

> [Steffanie A.'s] claims under the FLSA went back to December 17, 2016, three years before the filing of her Complaint, until she left in January 2018. [Steffanie A.] worked approximately 20 to 25 shifts. [Steffanie A.] estimated her damages to be in the $8,000 to $10,000 range and was going to request that from the arbitrator.

(Doc. # 59-1 at ¶ 4).

Furthermore, this amount is consistent with Gold Club's employee logs, which reflect that from December 2016 to January 2018, Steffanie A. worked twenty shifts totaling approximately 126 hours. (Doc. # 62-2). Accordingly, the Court is satisfied that Steffanie A. is receiving her full unpaid wages. See Zegers v. Countrywide Mortg. Ventures, LLC, 569 F. Supp. 2d 1259, 1261 (M.D. Fla. 2008) (noting that the goal of the FLSA is to ensure the "wronged employee should receive [her] full wages" (citation omitted)).

It has also been agreed that Steffanie A.'s counsel will receive $40,000 in attorney's fees and costs. (Doc. # 59 at

3). The parties represent that they "negotiated [Steffanie A.'s] damages first, then negotiated the [attorneys'] fees pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2019)." (Id. at 2). Although the Court finds the attorneys' hourly rates and hours billed excessive for the region, at this juncture, the Court will not set aside this aspect of the settlement, which was agreed upon by experienced counsel and which compensates Steffanie A. in full.

Therefore, pursuant to Bonetti, and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] 715 F. Supp. 2d at 1228. The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The parties' Joint Motion for Approval of FLSA Settlement (Doc. # 59) is **GRANTED**.

(2) The parties' settlement, wherein Steffanie A. is to receive $10,000 and her counsel is to receive $40,000, is approved.

(3) Steffanie A.'s claim is dismissed with prejudice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of February, 2021.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE