```
UNITED STATES DISTRICT COURT
  MIDDLE DISTRICT OF FLORIDA
         TAMPA DIVISION
```

KRISTEN SCHOFIELD,

    Plaintiff,

v.                                 Case No. 8:19-cv-3097-VMC-TGW

GOLD CLUB TAMPA, INC.,
MICHAEL TOMKOVICH,
DOE MANAGERS 1-3, and
DOES 4-100,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of the Joint Motion for Approval of FLSA Settlement (Doc. # 71), filed by Plaintiff Kristen Schofield and Defendants on March 17, 2021. The Court grants the Motion and dismisses Schofield's claim with prejudice.

**I.  Background**

Plaintiff Steffanie A.[1] initiated this Fair Labor Standards Act (FLSA) case against Defendants (collectively, Gold Club) on December 17, 2019, alleging violations of the minimum wage and overtime provisions of the Fair Labor

---

[1] Steffanie A. has already settled her claim with Defendants and the Court approved their joint motion for approval of FLSA settlement on February 12, 2021. (Doc. # 63).

Standards Act (FLSA). (Doc. # 1). Kristen Schofield's notice of consent to sue form was filed on January 20, 2020. (Doc. # 12).

On February 24, 2020, the Court granted Gold Club's motion to compel arbitration as to Schofield. (Doc. ## 20, 23). The Court stayed the case as to Schofield and directed her to submit her claims to arbitration. (Doc. # 23).

Subsequently, Schofield moved to vacate the order compelling arbitration, explaining that Gold Club failed to pay its share of American Arbitration Association (AAA) fees. (Doc. # 26). The Court granted Schofield's motion, vacated its prior order, and lifted the stay of the case as to Schofield. (Doc. # 31).

The parties mediated on October 2, 2020, in front of Mark Hanley, but reached an impasse. (Doc. # 41).

On January 4, 2021, Schofield moved for partial summary judgment, requesting the Court find as a matter of law that she was misclassified as an independent contractor, that she was Gold Club's employee, and that she was entitled to an employee's protections under the FLSA. (Doc. # 55). The Court granted the motion and held that Schofield was an employee of Gold Club within the meaning of the FLSA. (Doc. # 64).

2

Now, Schofield and Defendants move for approval of their FLSA settlement. (Doc. # 71). The Motion is ripe for review.

## II. Analysis

Schofield alleges that Gold Club violated the minimum wage and overtime provisions of the FLSA. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).

According to the proposed settlement, Schofield will receive $40,000 in unpaid wages pursuant to the FLSA. (Doc. # 71 at 3). Although this figure is lower than her original request of $72,943.60 (Doc. # 39 at 3), Schofield's counsel explains that the initial demand was calculated "prior to the production of documents by Defendants, and the cross-examination of their witnesses." (Doc. # 71 at 7; Doc. # 71-1 at 3). Counsel continues:

> After taking the deposition of the club's accountant and cross examining the documents produced by Defendants, Schofield estimated that documentation existed evidencing she worked approximately 1,224 hours over 236 shifts, nearly all within 40 hours in a single workweek.

(Doc. # 71 at 2-3) (internal citations omitted).

These hours are confirmed by Defendants' verified summary of hours worked. (Doc. # 40). Therefore, the parties

represent, after discovery, a more realistic estimate of Schofield's unpaid wages was "$14.50 multiplied by [1,224 hours], which equals $17,748." (Doc. # 71 at 3).

This figure is in addition to "house fees as forced tip collections at $50 a shift," which amounted to $11,800. (Id.). Although these house fees may have still been in dispute at trial, Schofield's counsel declares that Schofield "was not planning on challenging Defendants' estimate of unpaid hours." (Doc. # 71-1 at ¶ 5).

The goal of the FLSA is to ensure that "the wronged employee should receive [her] full wages." Zegers v. Countrywide Mortg. Ventures, LLC, 569 F. Supp. 2d 1259, 1261 (M.D. Fla. 2008) (citation omitted). Based on the parties' representation that (1) "[d]uring the course of discovery, Schofield curtailed [the] scope of her damages claim," and (2) after discovery, Schofield "[does] not dispute the overall time period [Gold Club's] records estimated she worked" (Doc. # 71 at 2-3; Doc. # 71-1 at 2-3), the Court is satisfied that Schofield is being fully compensated by the settlement. See Zegers, 569 F. Supp. at 1261.

It has also been agreed that Schofield's counsel will receive $50,000 in attorney's fees and costs. (Id.). The parties represent that they were "familiar with the

4

requirements of [Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222 (M.D. Fla. 2019)]," therefore they "were able to resolve Schofield's claim first, before [attorneys'] fees and costs." (Id.).

As previously stated, the Court finds the attorneys' hourly rates and hours billed excessive for the region. (Doc. # 63 at 4). However, at this juncture, the Court will not set aside this aspect of the settlement, which was agreed upon by experienced counsel and which compensates Schofield in full.

Therefore, pursuant to Bonetti, and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] 715 F. Supp. 2d at 1228. The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The parties' Joint Motion for Approval of FLSA Settlement (Doc. # 71) is **GRANTED.**

(2) The parties' settlement is approved.

(3) Schofield's claim is **DISMISSED WITH PREJUDICE.**

(4) As Schofield is the last remaining plaintiff, the Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of March, 2021.

_/s/ Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE